UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-60128-CR-DIMITROULEAS/HUNT

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(c)(1)(A)(i)
21 U.S.C. § 853
18 U.S.C. § 924(d)

FILED BY ___AT___ D.C.

Jun 5, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

UNITED STATES OF AMERICA

vs.

CHAD ANTHONY CLARK,
    a.k.a. "Chop,"
MAKAIL MALIK KNIGHT-LEWIS
    a.k.a "Lil Takeoff,"
DE'ANDRE MAURICE GRIER,
    a.k.a. "Lit,"
    a.k.a "Bank Head,"
MARK BYRON HANDSPIKE, JR.,
    a.k.a. "Weez,"
DENNARD OSHEA DOBARD,
    a.k.a. "Smurda," and
DEGGORY RYAN CLARK,
    a.k.a. "Deg,"

    Defendants.
_____/

**INDICTMENT**

The Grand Jury charges that:

**COUNT 1**
**Conspiracy to Possess with Intent to Distribute and
Distribute a Controlled Substance
(21 U.S.C. § 846)**

From at least as early as in or around February 2025, and continuing through on or about May 12, 2025, in Broward County, in the Southern District of Florida, the defendants,

**CHAD ANTHONY CLARK,**
a.k.a. "Chop,"
**MAKAIL MALIK KNIGHT-LEWIS**
a.k.a "Lil Takeoff,"
**DE'ANDRE MAURICE GRIER,**
a.k.a. "Lit,"
a.k.a "Bank Head,"
**MARK BYRON HANDSPIKE, JR.,**
a.k.a. "Weez,"
**DENNARD OSHEA DOBARD,**
a.k.a. "Smurda," and
**DEGGORY RYAN CLARK,**
a.k.a. "Deg,"

did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons, known and unknown to the Grand Jury, to possess with intent to distribute and distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

It is further alleged that this violation involved twenty-eight (28) grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Section 841(b)(1)(B)(iii).

**COUNT 2**
**Distribution of a Controlled Substance**
**(21 U.S.C. § 841(a)(1))**

On or about February 27, 2025, in Broward County, in the Southern District of Florida, the defendant,

**MAKAIL MALIK KNIGHT-LEWIS**
a.k.a "Lil Takeoff,"

did knowingly and intentionally distribute a controlled substance, in violation of

Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

### COUNT 3
### Distribution of a Controlled Substance
### (21 U.S.C. § 841(a)(1))

On or about March 5, 2025, in Broward County, in the Southern District of Florida, the defendant,

**MARK BYRON HANDSPIKE, JR.,**
**a.k.a. "Weez,"**

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

### COUNT 4
### Distribution of a Controlled Substance
### (21 U.S.C. § 841(a)(1))

On or about March 19, 2025, in Broward County, in the Southern District of Florida, the defendant,

**DENNARD OSHEA DOBARD,**
**a.k.a. "Smurda,"**

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further

alleged that this violation involved a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

## COUNT 5
## Distribution of a Controlled Substance
## (21 U.S.C. § 841(a)(1))

On or about March 25, 2025, in Broward County, in the Southern District of Florida, the defendant,

**DENNARD OSHEA DOBARD,**
**a.k.a. "Smurda,"**

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

## COUNT 6
## Distribution of a Controlled Substance
## (21 U.S.C. § 841(a)(1))

On or about April 2, 2025, in Broward County, in the Southern District of Florida, the defendants,

**MAKAIL MALIK KNIGHT-LEWIS**
**a.k.a "Lil Takeoff,"**
**DE'ANDRE MAURICE GRIER,**
**a.k.a. "Lit,"**
**a.k.a "Bank Head,"**
**MARK BYRON HANDSPIKE, JR.,**
**a.k.a. "Weez," and**
**DENNARD OSHEA DOBARD,**
**a.k.a. "Smurda,"**

did knowingly and intentionally distribute a controlled substance, in violation of

Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

## COUNT 7
### Distribution of a Controlled Substance
### (21 U.S.C. § 841(a)(1))

On or about April 8, 2025, in Broward County, in the Southern District of Florida, the defendants,

**MAKAIL MALIK KNIGHT-LEWIS**
**a.k.a "Lil Takeoff," and**
**DENNARD OSHEA DOBARD,**
**a.k.a. "Smurda,"**

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

## COUNT 8
### Distribution of a Controlled Substance
### (21 U.S.C. § 841(a)(1))

On or about April 16, 2025, in Broward County, in the Southern District of Florida, the defendant,

**CHAD ANTHONY CLARK,**
**a.k.a. "Chop,"**

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

### COUNT 9
### Distribution of a Controlled Substance
### (21 U.S.C. § 841(a)(1))

On or about April 23, 2025, in Broward County, in the Southern District of Florida, the defendant,

**DENNARD OSHEA DOBARD,**
a.k.a. "Smurda,"

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

### COUNT 10
### Possession with Intent to Distribute a Controlled Substance
### (21 U.S.C. § 841(a)(1))

On or about May 12, 2025, in Broward County, in the Southern District of Florida, the defendants,

**CHAD ANTHONY CLARK,**
a.k.a. "Chop," and
**MARK BYRON HANDSPIKE, JR.,**
a.k.a. "Weez,"

did knowingly and intentionally possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

It is further alleged that this violation involved twenty-eight (28) grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Section 841(b)(1)(B)(iii).

## COUNT 11
### Possession with Intent to Distribute a Controlled Substance
### (21 U.S.C. § 841(a)(1))

On or about May 12, 2025, in Broward County, in the Southern District of Florida, the defendants,

**CHAD ANTHONY CLARK,**
**a.k.a. "Chop," and**
**DEGGORY RYAN CLARK,**
**a.k.a. "Deg,"**

did knowingly and intentionally possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

It is further alleged that this violation involved twenty-eight (28) grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Section 841(b)(1)(B)(iii).

## COUNT 12
### Possession of a Firearm and Ammunition by a Convicted Felon
### (18 U.S.C. § 922(g)(1))

On or about May 12, 2025, in Broward County, in the Southern District of Florida, the defendant,

**DEGGORY RYAN CLARK,**
a.k.a. "Deg,"

knowingly possessed a firearm and ammunition in and affecting interstate and foreign commerce, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 13
### Possession of a Firearm in Furtherance of a Drug Trafficking Crime
### (18 U.S.C. § 924(c)(1)(A)(i))

On or about May 12, 2025, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**DEGGORY RYAN CLARK,**
a.k.a. "Deg,"

did knowingly possess a firearm in furtherance of a drug trafficking crime, an offense for which the defendant may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 841(a)(1), as charged in Counts 1 and 11 of this Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **CHAD ANTHONY CLARK, a.k.a. "Chop," MAKAIL MALIK KNIGHT-LEWIS a.k.a "Lil Takeoff, DE'ANDRE MAURICE GRIER, a.k.a. "Lit," a.k.a "Bank Head," MARK BYRON HANDSPIKE, JR., a.k.a. "Weez," DENNARD OSHEA DOBARD, a.k.a. "Smurda," and DEGGORY RYAN CLARK, a.k.a. "Deg,"** have an interest.

2. Upon conviction of a violation of Title 18, United States Code, Sections 922(g) or 924(c), or any other criminal law of the United States, as alleged in this Indictment, the defendants shall forfeit to the United States any firearm and ammunition involved in or used in the commission of such offense, pursuant to Title 18, United States Code, Section 924(d)(1).

3. Upon conviction of a violation of Title 21, United States Code, Section 841, as alleged in this Indictment, the defendants shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense, pursuant to Title 21, United States Code, Section 853.

All pursuant to Title 21, United States Code, Section 853 and Title 18, United States Code, Section 924(d)(1), and the procedures set forth at Title 21,

United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL.

_____
FOREPERSON

*[signature: Bruce D. Brown]*
HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

*[signature]*
JOSEPH A. COOLEY
ASSISTANT UNITED STATES ATTORNEY

*[signature]*
COREY R. O'NEAL
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO.: _____ |
|---|---|
| v. | |
| CHAD ANTHONY CLARK, a/k/a "Chop," et al | **CERTIFICATE OF TRIAL ATTORNEY** |
| _____ / Defendants. | **Superseding Case Information:** New Defendant(s) (Yes or No) _____ |

**Court Division** (select one)
- ☐ Miami  ☐ Key West  ☐ FTP
- ☒ FTL    ☐ WPB

Number of New Defendants _____
Total number of new counts _____

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take 5 days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)            (Check only one)
   I   ☒ 0 to 5 days           ☐ Petty
   II  ☐ 6 to 10 days          ☐ Minor
   III ☐ 11 to 20 days         ☐ Misdemeanor
   IV  ☐ 21 to 60 days         ☒ Felony
   V   ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Judge Panayotta Augustin-Birch   Magistrate Case No. 25-6313, 6314, & 6320-MJ-PAB
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of 05/12/2025, 05/29/2025 & 06/02/2025
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
17. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _____
Joseph A. Cooley
Assistant United States Attorney
SDFL Court ID No. 966460

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** _____CHAD ANTHONY CLARK, a.k.a. "Chop,"_____

**Case No:** _____

Count #: 1

21 U.S.C. §846

Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance
* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment (if applicable):** Four (4) years'
* **Max. Supervised Release:** Four (4) years' up to Life
* **Max. Fine:** $10,000,000

Counts # 2 - 11:

21 U.S.C. §841(a)(1)

Distribution of a Controlled Substance
* **Max. Term of Imprisonment:** Twenty (20) years'
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) years' up to Life
* **Max. Fine:** $1,000,000

Count #:

* **Max. Term of Imprisonment:**
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:**
* **Max. Fine:**

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: MAKAIL MALIK KNIGHT-LEWIS, a.k.a "Lil Takeoff,"

**Case No**: _____

Count #: 1

21 U.S.C. §846

Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance
* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment (if applicable):** Four (4) years'
* **Max. Supervised Release:** Four (4) years' up to Life
* **Max. Fine:** $10,000,000

Counts #: 2, 6 & 7

21 U.S.C. §841(a)(1)

Distribution of a Controlled Substance
* **Max. Term of Imprisonment:** Twenty (20) years'
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) years' up to Life
* **Max. Fine:** $1,000,000

***Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: _____DE'ANDRE MAURICE GRIER, a.k.a. "Lit,"_____

**Case No**: _____

Count #: 1

21 U.S.C. §846

Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance
* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment (if applicable):** Five (5) Years
* **Max. Supervised Release:** Four (4) years' up to Life
* **Max. Fine:** $10,000,000

Count #: 6

21 U.S.C. §841(a)(1)

Distribution of a Controlled Substance
* **Max. Term of Imprisonment:** Twenty (20) years'
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) years' up to Life
* **Max. Fine:** $1,000,000

Count #:

* **Max. Term of Imprisonment:**
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:**
* **Max. Fine:**

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:   MARK BYRON HANDSPIKE, JR., a.k.a. "Weez,"

**Case No**: _____

Count #: 1

21 U.S.C. §846

Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance
* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment (if applicable):** Five (5) Years
* **Max. Supervised Release:** Four (4) years' up to Life
* **Max. Fine:** $10,000,000

Counts #: 3, 6 & 9

21 U.S.C. §841(a)(1)

Distribution of a Controlled Substance
* **Max. Term of Imprisonment:** Twenty (20) years'
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) years' up to Life
* **Max. Fine:** $1,000,000

Count #:

_____

* **Max. Term of Imprisonment:**
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:**
* **Max. Fine:**

\*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: DENNARD OSHEA DOBARD, a.k.a. "Smurda,"

**Case No**: _____

Count #: 1

21 U.S.C. §846
Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance
* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment (if applicable):** Five (5) Years
* **Max. Supervised Release:** Four (4) years' up to Life
* **Max. Fine:** $10,000,000

Counts #: 4 – 7, & 9

21 U.S.C. §841(a)(1)
Distribution of a Controlled Substance
* **Max. Term of Imprisonment:** Twenty (20) years'
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) years' up to Life
* **Max. Fine:** $1,000,000

Count #:

_____

* **Max. Term of Imprisonment:**
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:**
* **Max. Fine:**

**\*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:   DEGGORY RYAN CLARK, a.k.a. "Deg,"

**Case No**: _____

Count #: 1

21 U.S.C. §846
Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance
* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment (if applicable):** Five (5) Years
* **Max. Supervised Release:** Four (4) years' up to Life
* **Max. Fine:** $10,000,000

Count #: 11

21 U.S.C. §841(a)(1)
Distribution of a Controlled Substance
* **Max. Term of Imprisonment:** Twenty (20) years'
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) years' up to Life
* **Max. Fine:** $1,000,000

Count #: 12

18 U.S.C. § 922(g)(1)
Possession of a Firearm and Ammunition by a Convicted Felon
* **Max. Term of Imprisonment:** Fifteen (15) years'
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) years'
* **Max. Fine:**  250,000

Count #: 13

18 U.S.C. § 924(c)(1)(A)(i)
Possession of a Firearm in Furtherance of a Drug Trafficking Crime
* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment (if applicable):** Five (5) years'
* **Max. Supervised Release:** Five (5) years'
* **Max. Fine:**   $250.000

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**