**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-60128-CR-DIMITROULEAS**

**UNITED STATES OF AMERICA**

vs.

**CHAD ANTHONY CLARK,**
   a.k.a. "Chop,"

**Defendant.**
_____/

## FACTUAL PROFFER

The United States of America and CHAD ANTHONY CLARK, a.k.a. "Chop," (the "defendant" or "C. CLARK") agree that, had this case gone to trial, the United States would have proven the following facts, among others, beyond a reasonable doubt:

1. From February 2025 through May 12, 2025, C. CLARK conspired with others to sell crack cocaine (cocaine base) from an apartment located at 817 NW 10th St, Apt. 1, Hallandale Beach, FL 33009 ("HALLANDALE RESIDENCE").

2. February 2025 to May 2025, law enforcement conducted eight (8) controlled purchases from the HALLANDALE RESIDENCE, using an FBI Confidential Human Source ("CHS"). Prior to each controlled purchase, the CHS was searched for contraband prior to and after each operation. Law enforcement provided investigative funds to the CHS to purchase crack cocaine from HALLANDALE RESIDENCE. Law enforcement also equipped the CHS with audio/video recording devices which recorded each controlled substance purchase.

3. Over the course of those eight (8) controlled purchases, C. CLARK and his coconspirators sold approximately 46.3 grams of crack cocaine to the CHS. C. CLARK personally sold crack cocaine to the CHS on one of these occasions.

4. On April 16, 2025, law enforcement conducted a controlled purchase operation

from the HALLANDALE RESIDENCE utilizing an FBI CHS Prior to the controlled purchase, the CHS called 954-867-8786. The phone call went straight to voicemail. Law enforcement searched the CHS for contraband, none was found. Law enforcement equipped the CHS with audio/video recording equipment. The CHS was then provided with $160 in FBI investigative funds to purchase crack cocaine from the 10th Street. The CHS was deployed from an undisclosed location and arrived at the HALLANDALE RESIDENCE without making physical contact with anyone along the way. The CHS knocked on the door and was let in by C. CLARK. The CHS exchanged the $160 of investigative funds for approximately 7.0 grams of suspected crack cocaine from C. CLARK.

5. C. CLARK asked the CHS if they had a phone and said the other members working there were fired because they weren't doing their jobs. The CHS said they had a phone, without looking at the settings of his phone, C. CLARK provided the following phone number to the CHS: 954-867-8786. The CHS explained to C. CLARK that they called that number prior to arriving at the HALLANDALE RESIDENCE, C. CLARK stated that the phone was off. The CHS then departed the HALLANDALE RESIDENCE and returned to law enforcement without making any stops along the way. The CHS then turned over the drug evidence and was searched a second time for contraband, revealing none. The suspected cocaine base from this sale was tested by the DEA laboratory and confirmed to be cocaine base weighing 6.38 grams +/- .01 grams.

6. On May 12, 2025, law enforcement executed a Federal search warrant of the HALLANDALE RESIDENCE. The search of the HALLANDALE RESIDENCE revealed approximately 49.4 grams of crack cocaine and other items. The search warrant included the search of a black Nissan Altima bearing Florida license plate DP34IA. On approach to the residence, law enforcement observed that the vehicle was running. C. CLARK was in the driver's seat of the

2

vehicle and was detained. C. CLARK was the sole occupant of the vehicle and was in possession of the phone assigned phone number 954-867-8786.

The parties agree that these facts, which do not include all the facts known to the government and the defendant, are sufficient to prove beyond a reasonable doubt his guilt with respect to Count 1, conspiracy to possess with intent to distribute and distribute a controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

DATE: 9/19/25    BY: _____
JOSEPH A. COOLEY
ASSISTANT UNITED STATES ATTORNEY

DATE: 09/19/25    BY: _____
COREY K. O'NEAL
ASSISTANT UNITED STATES ATTORNEY

DATE: 8/26/2025    BY: _____
DIANNE CARAMES
COUNSEL FOR THE DEFENDANT

DATE: 8/26/2025    BY: _____
CHAD ANTHONY CLARK
DEFENDANT

3