UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA CASE NO.:
25-cr-60128-WPD

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

CHAD ANTHONY CLARK,
    Defendant.
_____/

## CHAD ANTHONY CLARK'S PRELIMINARY OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

1. <u>Objection to Paragraph 42 and 43</u>: Mr. Clark objects to the PSR holding him accountable for 624.7 kilograms of converted drug weight, incorporating marijuana gummies and powder cocaine. This calculation exceeds the factual basis for the plea. Mr. Clark pled guilty to conspiracy to possess with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base only. [D.E. 53] The additional substances were not charged in the Indictment. Further, the additional substances were not part of the plea or the factual proffer. [D.E. 127]. The drug weight should therefore be reduced to more than 28 grams but less than 112 grams, as jointly recommended by the parties. *Id; see also* [D.E. 149 ¶4.] Lastly, the government has advised that the alleged marijuana gummies were not submitted to a drug laboratory. Thus, based on the aforementioned objection, a base offense level of 24, pursuant to 2D1.1(c)(8), is the appropriate offense level.

2. <u>Objection to Paragraph 44</u>: Mr. Clark objects to the PSR increasing his offense level by two (2) points, pursuant to §2D1.1(b)(1), because "a dangerous weapon (Including a firearm) was

possessed. This enhancement should not apply to Mr. Clark because he neither possessed a firearm, or intended, or knew, that a firearm would be used in connection with this offense. Mr. Clark has not been charged with possession of any firearm in connection with this offense. Mr. Clark was inside a vehicle when he was arrested, and there was no firearm found inside the vehicle. The firearms, found inside two different residences, were not in plain sight – one was found under a kitchen chair, in a bag[D.E. 149 ¶ 32]; and the other was in a different residence on the floor of a bedroom closet, underneath clothes [D.E. 149 ¶ 14]. Further, neither Mr. Clark's DNA or fingerprints were found on any of the firearms. Application Note 11 (A) for §2D1.1 states that "the enhancement would not be applied if the defendant, arrested at the defendant's residence, had an unloaded hunting rifle in the closet." Thus, Mr. Clark objects to the two (2) point increase in his offense level based on the aforementioned.

3. <u>Objection to paragraph 45</u>: Mr. Clark objects to his offense level being increased by two (2) points, pursuant to 2D1.1(b)(12), "because the defendant maintained the premises for the purpose of manufacturing or distributing a controlled substance." Mr. Clark objects to this enhancement, as he did not maintain any of the residences involved. Application Note 17 for §2D1.1 states that "[a]mong the factors the court should consider in determining whether the defendant "maintained" the premises are (A) whether the defendant held a possessory interest in (e.g., owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises." Mr. Clark did not own or rent the premises in question; the government believes that the person who may have actually leased the premises is Mr. Clark's father. [D.E. 149 ¶ 20]. Further, there is insufficient reliable evidence that Mr. Clark *controlled* access to, or activities at the premises. Mr. Clark did not live at any of the residences. In fact, one co-defendant as arrested sleeping in a bedroom in one of the residences [D.E. 149 ¶ 13]; another co-defendant had keys to

the residence on his person [D.E. 149 ¶ 28]. Thus, Mr. Clark objects to the two (2) point increase in his offense level based on the aforementioned.

4. <u>Objection to paragraph 47</u>: Mr. Clark objects to his offense level being increased by four (4) points, pursuant to 3B1.1(a), for his role as an organizer or leader in the offense." While the Government may have evidence to oppose a mitigating role, Mr. Clark was not "an organizer or leader" as there were others that had that role.

5. <u>Objection to paragraph 49</u>: Based on the aforementioned objections, the adjusted Offense Level (Subtotal) should be a 21.

6. <u>Objection to paragraph 117</u>: While the probation officer may not have identified any factors that would warrant a variance from the applicable guideline range, pursuant to 18 USC 3553(a), there are several mitigating factors that warrant a downward variance. These will be addressed in a separate sentencing memorandum.

7. <u>Objection to paragraph 56:</u> Objection to assigning 3 criminal history points pursuant to 4A1.1(a) because the sentence exceeding one year and one month (imposed on May 10, 2024) should be treated as a "single sentence" as it runs concurrently to the sentence imposed in 21-001613CF (also imposed on May 10, 2024). Section 4A1.2(2) instructs, in part that "[i]f there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." There was no intervening arrest between the two sentences, thus they should not be counted separately under 4A1.1(a). Instead, since the original sentence was less than 60 days, the sentence should be counted under 4A1.1(c) and assigned only one (1) criminal history point.

8. <u>Objection paragraph 60:</u>  based to the aforementioned, Mr. Clark's should have a total of seven (7) criminal history points. However, pursuant to 4B1.1(b), his criminal history is VI.

**WHEREFORE** Mr. Clark requests that this Honorable Court sustain the aforementioned objections to the PSR.

Respectfully submitted,

/s/ Dianne E. Caramès
Dianne E. Caramès
Fla. Bar No. 068419

Puglisi Carames
10 Canal Street
Suite 328
Miami Springs, FL 33166
Tel: (305) 403-8063
Fax: (305) 379-6668
Dianne@PuglisiCarames.com

CERTIFICATE OF SERVICE

I HEREBY certify that on November 19, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Dianne E. Caramès