UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA CASE NO.:
25-cr-60128-WPD

UNITED STATES OF AMERICA,
     Plaintiff,

vs.

CHAD ANTHONY CLARK,
     Defendant.

_____/

## DEFENDANT CHAD ANTHONY CLARK SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE

**COMES NOW** the Defendant, **CHAD ANTHONY CLARK**, by and through his undersigned counsel, and presents this Sentencing Memorandum in support of his Motion for Downward Variance pursuant to Title 18 U.S.C. §3553(a) Factors.

## INTRODUCTION

Mr. Clark is remorseful for his criminal conduct and acknowledges that the offense he has committed is a serious one. His actions have had a profound impact on the United States, this Court, and even his own family. Mr. Clark acknowledges his responsibility for his actions, and submits the following Memorandum for the Court's consideration in determining his sentence. Through this sentencing memorandum, Mr. Clark is respectfully requesting a significant downward variance to the minimum mandatory sentence of five (5) years' imprisonment. Based upon various factors supporting a downward variance, we believe that the Court can fashion a sentence lower than the guidelines that is "sufficient but not greater than necessary" to achieve the goals of sentencing under 18 U.S.C. §3553(a).

## *UNITED STATES V. BOOKER*

In *Booker*, the Supreme Court held that the Sentencing Guidelines are no longer mandatory and constitute only one of the sentencing factors that the Court must consider under §18 U.S.C. 3553(a). *United States v. Booker*, 125 S. Ct. 738, 757 (2005). Under *Booker*, sentencing decisions are subject to a "reasonableness" standard of review, which must be measured against the factors outlined in 18 U.S.C. §3553(a)[1]. *Id* at 761. A sentence outside the advisory guideline range does not need to be justified by "extraordinary circumstances".  *Gall v. United States*, 128 S. Ct. 586 (2007). In fact, the Supreme Court has specifically rejected any presumption of unreasonableness for sentences outside the guideline. *Id* at 595. The sentence imposed must be "sufficient but not greater than necessary" to achieve the purposes. *United States v. Williams*, 435 F. 3d 1350 (11th Cir. 2006)(90 months' imprisonment was sufficient, but not greater than necessary to punish, deter, and rehabilitate defendant even though low end of guidelines was 188 months; a 98-month variance).

---

[1] 18 U.S.C. §3553(a) provides the following factors to be determined when imposing a sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

## ANALYSIS OF 18 U.S.C. 3553(A) FACTORS

I.      **The nature and circumstances of the offense and the history and characteristics of the defendant.**

a.   **Nature and circumstances of the offense.**

Mr. Clark and the United States stipulated to a factual proffer on or about September 9, 2025, which stipulates that from February of 2025 through May 12, 2025, Mr. Clark conspired with others to sell crack cocaine (cocaine base). [D.E. 127-1] The parties agreed that the quantity of controlled substance involved in the offense was at least 28 grams but less than 112 grams. [D.E. 27].

b. **The history and characteristics of the defendant.**

Undersigned counsel would refer to Exhibit 1, filed under seal, in aid of sentencing.

c.   **Criminal History**

Mr. Clark's PSR calculates his criminal history category six (6), because he is a career offender [D.E. 177 ¶ 60]. But for his designation as a 'career offender', Mr. Clark's criminal history category would be a category four (4).

Thus, Mr. Clark requests that this Court grant him a downward variance, pursuant to § 4A1.3(b), from the court's final calculated criminal history category. This section would permit a one criminal history category reduction in the guideline range and provides in relevant part:

> Standard for Downward Departure.--If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted.

U.S.S.G. § 4A1.3(b)(1).

Regarding Mr. Clark's priors: he was sentenced as a 'youthful offender' in the cases referenced in paragraphs 56 and 58 of the PSR [D.E. 177]. Specifically with regards to the case referenced in paragraph 58, which is being used to trigger Mr. Clark's 'career offender' designation, he was 20 years old when he was arrested, pled nolo contendere, and his adjudication was withheld. [Exhibit 2]. Mr. Clark was placed on community control, which was converted to probation early. *Id.* Although he violated his probation in February of 2021, at age 23 due to the case referenced in 59 of the PSR [D.E. 177], he retained his 'youthful offender' designation and was sentenced to roughly three and a half years. [Exhibit 2].

### d. Remorse and Accountability

Mr. Clark is genuinely remorseful and upset with his poor decisions. He provided a statement, expressing his genuine remorse and regrets. [D.E. 177, Addendum]. Further, the government is recommending a reduction for acceptance of responsibility; pursuant to §3E1.1. [D.E. 177 ¶3].

The 11th Circuit has further held that genuine remorse is another important and appropriate factor to be considered in the court's §3553(a) analysis. *See United States v. Gomez-Martinez*, 569 Fed. Appx. 777 (11th Cir. 2014) (recognizing that an offender's statement of remorse is directly related to both 'the nature and circumstances of the offense' and 'the history and characteristics of the defendant'), *See also United States v. Robinson*, 741 F.3d 588 (5th Cir. 2014)(a court has the power to consider certain other factors concerning the defendant's remorse under §3553(a) irrespective, of whether the Government files a §5K1.1 motion). Lastly, Mr. Moreno intends on making a statement to this Honorable Court at the time of sentencing further expressing his remorse.

**II.      The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant;**

**and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

Although a serious offense, Mr. Clark's involvement in this case did not involve violence; nor did Mr. Clark possess any weapon.  Further, there are no identifiable victims of the offense. [D.E. 177, ¶39. Regardless of the Court's decisions on his objections and request for downward variance, Mr. Clark will spend a significant amount of time in prison due to the five (5) minimum mandatory sentence involved in this case. Thus, a five (5) year sentence would be sufficient, but not greater than necessary, to punish Mr. Clark, deter future criminal conduct, and protect the community. *See United States v. Adelson*, 441 F. Supp. 2d 506, 515 (SDNY 2006)(Long prison sentences are not always necessary to achieve the retributive and general deterrence objectives.)

**Low Risk of Recidivating**

A lengthier imprisonment term is not necessary to protect society from Mr. Clark, as he does not have a high risk of recidivism. The Sentencing Commission's report on "Measuring Recidivism" demonstrated that: non-violent offenders are less likely to recidivate than violent offenders; those who are married are less likely to recidivate; and those who are sentenced to non-jail sentences are less likely to recidivate than those who receive straight jail. See U.S.S.C., "Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines", (2004).

Mr. Clark is a non-violent offender, and while he is not married, he has a partner with whom he shares a child with. These factors support a favorable prognosis for rehabilitation and a reduced risk of recidivism. In support of the aforementioned, please see an email sent to undersigned counsel from Sierra, his child's mom. [Exhibit 3].

**III.      The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

**Judiciary Sentencing Information**

The United States Sentencing Commission rolled out a database of federal sentencing information in an online platform known as Judiciary Sentencing Information ("JSIN")[2]. This database, which the Commission "specifically developed with the needs of judges in mind," purports to provide sentencing data about "similarly-situated" defendants for judges to consider in making individual sentencing determinations.[3] The *JSIN* tool enables a user to obtain information about offenders sentenced under the same primary guideline, and with the same Final Offense Level and Criminal History Category. Once the Court calculates the guidelines, undersigned counsel would request a brief recess to use the *JSIN* tool in order to provide the Court with further information about similarly situated offenders. The JSIN statistics applicable to Mr. Clark are as follows:

If Mr. Clark was not a 'career offender' and his guidelines equaled a total offense level of 21 with a criminal history category of 4: During the last five fiscal years (FY2020-2024), there were 95 defendants whose primary guideline was §2D1.1 and Crack Cocaine was the primary drug type, with a Final Offense Level of 21 and a Criminal History Category of IV, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 94 defendants (99%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 48 month(s) and the median length of imprisonment imposed was 57 month(s). [Exhibit 4].

---

[2] https://jsin.ussc.gov/analytics/saw.dll?Dashboard
[3] *See* https://www.ussc.gov/guidelines/judiciary-sentencing-information

As a 'career offender': During the last five fiscal years (FY2020-2024), there were 147 defendants whose primary guideline was §2D1.1 and Crack Cocaine was the primary drug type, with a Final Offense Level of 31 and a Criminal History Category of VI, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 147 defendants (100%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 121 month(s) and the median length of imprisonment imposed was 120 month(s). [Exhibit 5]. However, a sentence this extraordinary would create a sentencing disparity amongst the co-defendants charged in this case, as the sentences imposed have been as follows:

Defendant Grier was sentence to 24 months imprisonment followed by five (5) years' supervised release. Defendant Handspike was sentenced to 16 months imprisonment followed by 60 months supervised release. Defendant Dobard was sentenced to 60 months imprisonment followed by 60 months supervised release. Defendant D. Clark was sentenced to 36 months imprisonment followed by three (3) years' supervised release. Defendant Makail Malik Knight-Lewis was sentenced to 37 months imprisonment followed by five (5) years' supervised release.

## CONCLUSION

For the aforementioned reasons, along with the other 18 U.S.C. §3553(a) factors, a sentence of five (5) years would comport with the minimum mandatory penalties, would not create a sentencing disparity among similarly situated offenders, and is "sufficient but not greater than necessary" to achieve the goals of sentencing under 18 U.S.C. §3553(a).

.

**WHEREFORE**, it is respectfully requested that this Honorable Court find that the foregoing provides a well-founded basis upon which to grant a variance from the advisory guidelines and sentence Mr. Jose Flores to a term of imprisonment below the advisory guidelines.

Respectfully submitted,

*/s/ Dianne E. Carames*

Dianne E. Carames
Florida Bar No: 68419
Puglisi Law
10 Canal Street
Suite 328
Miami, Florida 33166
Tel. 305-403-8063
Dianne@puglisicarames.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 4, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ Dianne E. Carames_____
Dianne E. Carames, Esq.